# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:13cv93

| | |
|---|---|
| **INCENTIVE TRAVEL SOLUTIONS, INC.,** | )<br>) |
| Plaintiff, | )<br>) |
| Vs. | ) **ORDER**<br>)<br>) |
| **NII HOLDINGS, INC.,** | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed by defendant NII Holdings. Finding no error in the Memorandum and Recommendation, the court will overrule those objections and affirm the recommendation of the magistrate judge.

### I.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the

1

statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

**II.**

In this case, the Honorable David C. Keesler, United States Magistrate Judge, determined that personal jurisdiction was proper in light of "an on-going six year, financial business relationship, involving multiple contracts and continuous communication between the parties." The Magistrate Judge concluded that "the ongoing interactions between NII and ITS support a finding that minimum contacts exist to connect Defendant to North Carolina." M&R 9-10.

After analyzing the jurisdictional issue, the Magistrate Judge turned to defendant's arguments regarding the sufficiency of the complaint and, after thoroughly analyzing defendant's contentions, recommended that such portion of the motion be denied without prejudice and that plaintiff be allowed to file an Amended Complaint. The Magistrate Judge found that "the Complaint suggests facts to support a claim for fraud," but also found that without the supporting affidavits, he "was not convinced the Complaint alone makes sufficient allegation to survive a 12(b)(6) motion." M&R 14 (citing Burnette v. Austin Me Inc., 1:11cv52, 2011 WL 1769445 *3 (W.D.N.C. Apr. 14 2011). As such, the Magistrate Judge recommended that plaintiff be allowed the opportunity to cure this deficiency by filing an Amended Complaint. Similarly, with respect to the claim under the North Carolina Unfair and Deceptive Trade Practices ("UDTPA") the Magistrate Judge found that while "the Complaint as a whole suggests various ways in which Defendant may have engaged in 'immoral, unethical, oppressive, unscrupulous, or substantially

injurious ways,'" plaintiff's Fourth Claim fails to specifically provide facts to support that claim. M&R 15. Here as well, the Magistrate Judge recommended that plaintiff be allowed to cure this deficiency by filing an Amended Complaint.

**III.**

Defendant objects to the Magistrate Judge's findings on purely legal grounds. First, defendant objects to the finding of personal jurisdiction, arguing that it does not have the constitutionally required "minimum contacts" with North Carolina on the basis that that 1) it is a Delaware corporation located in Virginia; 2) it does not conduct business in North Carolina; 3) it was not "not involved in the manufacture, sale, purchase, or deliver of any product or service in North Carolina;" and 4) the contract at issue contains a choice of law provision stating that Virginia law shall apply.

Defendant also objects to the findings on its Rule 12(b)(6) motions. With regard to the fraud claim, defendant contends that the M&R incorrectly considers an affidavit and reaches a "procedurally incorrect result" by denying its motion despite agreeing that the Complaint fails to state a claim for fraud "within the four corners of the Complaint." Defendant further argues that even if plaintiff is allowed to file an Amended Complaint that meets Rule 9's specificity requirements for pleading fraud, plaintiff's claim will still fail as this is a simple breach of contract case which does not rise to the level of fraud.

With regard to the UDTPA claim, defendant similarly argues that the M&R makes a "procedurally incorrect recommendation" that the motion be denied without prejudice despite its implicit agreement that the Complaint, by itself, fails to successfully state a claim. Furthermore, defendant objects on the grounds that the Complaint alleges "an ordinary contract dispute," which does not give rise to a Chapter 75 claim.

# IV.

### A. Personal Jurisdiction

After thoroughly reviewing the M&R and the parties' briefs, the court will adopt the Magistrate Judge's recommendation. Defendant first argues that the M&R incorrectly found that the court's exercise of personal jurisdiction is proper. For personal jurisdiction to be properly exercised by a court, a defendant must have sufficient "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 277 (4th Cir. 2009) (quoting Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted).

Contending that the requisite minimum contacts do not exist, defendant relies on the following facts: it is not located in North Carolina; it is not a North Carolina corporation; it was not conducting business in North Carolina during the period in question; it is not licensed to do business in North Carolina; and the contract in dispute contains a choice of law provision that providing that Virginia law shall apply. While acknowledging these facts, the Magistrate Judge found that the "ongoing interactions between NII and ITS support a finding that minimum contacts exist to connect Defendant to North Carolina." M&R 9.

The court agrees with the Magistrate Judge's determination that the requisite "minimum contacts" exist to justify exercising personal jurisdiction over defendant. To begin, this case does not involve a single, isolated contract but a dispute between two parties that have maintained a continuous six year relationship beginning in 2006. During this period, 90% of the work plaintiff performed for defendant was completed in North Carolina, for which it was paid in excess of $10,000,000. The parties remained in virtually constant contact as this work was

performed exchanging "thousands" of emails and engaging in "hours" of telephone conversations.

Defendant's "mechanical" arguments based on its lack of *physical* presence in the state are unavailing as "[j]urisdiction . . . may not be avoided merely because the defendant did not *physically* enter the forum State." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476, (1985). Defendant contends that it did not conduct business in North Carolina, but it clearly maintained a continuous business relationship with a company located in North Carolina with whom it was in constant communication. The nature of this relationship indicates that defendant "purposefully availed" itself of North Carolina, making the court's exercise of jurisdiction proper.

With respect to the choice of law argument, as the M&R correctly points out, however, a choice of law provision is only one fact that a court may consider in determining whether to exercise personal jurisdiction. Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 281 (4th Cir. 2009). In light of the continuous six year relationship between defendant and plaintiff, located in the forum state, the court agrees with the Magistrate Judge's determination that jurisdiction is justified.

### B. Sufficiency of the Complaint

Defendant also objects to the Magistrate Judge's recommendation that the Motion to Dismiss for Failure to State a Claim be denied without prejudice and that plaintiff be allowed to file an Amended Complaint. The Magistrate Judge found that while the Complaint suggested facts to support a fraud claim, it was not sufficient to support the claim without the supporting affidavit. Defendant contends that the Complaint fails to satisfy the requirements of Rule 9(b), which requires plaintiffs to "state with particularity the circumstances constituting fraud or mistake." Fed.R.civ.P. 9(b).

While plaintiff has not been able to provide the "actual time and place that the false representations were made," the Magistrate Judge found that the Complaint "suggests facts to support a claim for fraud." M&R 13. Specifically, the complaint alleges that the parties had a business relationship, then they met in Las Vegas, and afterwards, defendant "knew and had reason to know" it would not perform the contract. Based on these allegations, the Magistrate Judge recommended that plaintiff be allowed to file an Amended Complaint. The court notes that this will be the first Amended Complaint, and "[t]he federal rule policy of deciding cases on the basis of substantive rights involved rather than on technicalities" supports the Magistrate Judge's recommendation. Ostrzenski v. Seigel, 177 F.3d 245, 252 (4th Cir. 1999). The court agrees with the Magistrate Judge's determination and will, in its discretion, deny defendant's motion without prejudice and allow plaintiff to file an Amended Complaint.

The Magistrate Judge made a similar determination on plaintiff's fourth claim, to wit, that while the Complaint suggested a claim under the UDTPA, plaintiff failed to "specifically provide facts to support that claim." M&R 15. Defendant objects on the grounds that 1) such recommendation is procedurally incorrect inasmuch as it denies the motion while acknowledging that the Complaint fails to state a claim for UDTP and 2) a simple breach of contract case cannot support a claim for UDTP. The court will adopt this recommendation, deny the motion without prejudice, and allow plaintiff to file an Amended Complaint.

To successfully state a claim for UDTP, a plaintiff must establish the following elements: "(1) defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." Dalton v. Camp, 353 N.C. 647, 656, 548 S.E.2d 704, 711 (2001).

The Magistrate Judge found the following allegations: defendant knew it would not perform the contract and allowed plaintiff to begin performance on such contract without paying. M&R 16. The Magistrate Judge also discussed the Affidavit of Kevin Devanney which includes allegations that defendant allowed plaintiff to attend a charity event and convinced plaintiff to quadruple its donation to defendant's charity. Id.

The court is aware of defendant's argument that "[a] simple breach of contract, even if intentional, does not amount to a violation of the Act; [he] must show substantial aggravating circumstances attending the breach to recover under the Act, which allows for treble damages." Bartolomeo v. S.B. Thomas, Inc., 889 F.2d 530, 535 (4th Cir. 1989). At this point however, prudence dictates that defendant's motion be denied and that plaintiff be allowed the opportunity to cure any deficiency by filing an Amended Complaint.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Objections of defendant (#21) are **OVERRULED**, the Memorandum and Recommendation (#20) is **AFFIRMED**, and defendant's Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim (#8) is **DENIED** as to the personal jurisdiction argument and **DENIED WITHOUT PREJUDICE** as to the sufficiency of the complaint argument.

**IT IS FURTHER ORDERED** that Plaintiff file an Amended Complaint within 30 days of the entry of this order. This matter is referred back to the Magistrate Judge for further case management.

Signed: September 9, 2013

Max O. Cogburn Jr.
United States District Judge